# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Karen Michelle Ramos,

        Plaintiff,        Case No. 16-cv-12609

v.                                   Judith E. Levy
                                   United States District Judge

Nancy A. Berryhill, Acting
Commissioner of Social Security,      Mag. Judge Elizabeth A. Stafford

        Defendant.

_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE STAFFORD'S REPORT AND RECOMMENDATION [20]

On August 7, 2017, Magistrate Judge Elizabeth A. Stafford issued a Report and Recommendation recommending that the Court grant defendant's motion for summary judgment, deny plaintiff's motion for summary judgment, and affirm defendant's decision to deny plaintiff disability insurance benefits under the Social Security Act. (Dkt. 20.)

On August 21, 2017, plaintiff timely filed a single objection to the Report and Recommendation. (Dkt. 21.) Defendant timely replied to the objection on August 31, 2017. (Dkt. 22.) Where a magistrate judge has submitted a Report and Recommendation and a party has timely

filed objections to some or all of the Report and Recommendation, the Court must review *de novo* those parts of the Report and Recommendation to which the party has objected.  28 U.S.C. § 636(b)(1).

## I. Background

The Court adopts by reference the background set forth in the Report and Recommendation, having reviewed it and found it to be accurate and thorough.  (Dkt. 20 at 2-11.)

## II. Analysis

The decisions of Administrative Law Judges ("ALJ") are bound by administrative res judicata, and unless a claimant can show evidence of a change in her condition, "a subsequent ALJ is bound by the findings of a previous ALJ." *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997); *see also* Acquiescence Ruling 98-4(6), 1998 WL 283902, at *3 (June 1, 1998) (different findings may not be made "unless new and additional evidence or changed circumstances provide a basis for a different finding of the claimant's residual functional capacity.").  The Court's review of a determination of the Commissioner of Social Security ""is limited to determining whether it is supported by substantial evidence and was made pursuant to proper legal

standards," *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers*, 486 F.3d at 241).

Plaintiff has twice filed claims for Social Security disability benefits, each relating to severe impairments of "obesity, osteoarthritis of the bilateral knees, cervicalgia and cervical disc disease." (Dkt. 12-2 at 18.) In April 2012, ALJ Patricia McKay determined that plaintiff did not qualify to receive Social Security disability benefits, because her RFC permitted her to engage in substantial gainful activity. (*Id.* at 15.) On July 21, 2015, ALJ Jerome B. Blum determined that plaintiff "has presented new and material evidence and the undersigned has adopted only some of the findings from the prior decision, but ultimately, she still retains the same residual functional capacity and could return to her past work, as well as a number of other jobs throughout the economy." (*Id.*)

Plaintiff has filed a single objection to the Report and Recommendation: that the Magistrate Judge erred in upholding the Administrative Law Judge's ("ALJ") determination that the residual functional capacity ("RFC") finding from her prior Social Security claim applied to her successive claim. (Dkt. 21.) This objection is premised on two errors of fact in ALJ Blum's decision. First, the ALJ erred in determining that plaintiff did not seek care for her knees when she finished physical therapy in early 2014 (Dkt. 12-2 at 21), when she had actually been to the emergency room in April and May of 2014, and saw her physician in May 2014 regarding her knee problems. (Dkt. 12-7 at 88, 92.) Second, the ALJ erred in stating that no doctor had mentioned plaintiff using or needing a cane (Dkt. 12-2 at 21), when she had been prescribed a cane in January 2014, and her doctors noted in April and May 2014 that she reported using a cane. (Dkt. 12-7 at 88, 92, 143.)

It is the plaintiff's burden to prove that her RFC is more restrictive. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). And an ALJ's factual errors are harmless "unless the claimant has been prejudiced on the merits or deprived of substantial rights."

4

*Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 654 (6th Cir. 2009) (internal quote marks and further citations omitted).

Plaintiff argues that the ALJ erred in stating that she did not seek treatment for her knees after January 2014, because her "knee issues were not resolved at the conclusion of therapy." (Dkt. 21 at 4.) She also argues that her subsequent knee dislocations are evidence that she "could [not] work when she was acutely experiencing such a situation." (*Id.* at 6.) And she argues that because she was prescribed a cane, "[i]f [she] even occasionally required the use of a cane, she would not satisfy" the requirement that she be able to do sustained work activities in an ordinary work setting on a regular and continuing basis." (*Id.*)

As the Commissioner points out, plaintiff was required to show that "her condition has worsened such that she was unable to engage in substantial gainful activity for twelve consecutive months." (Dkt. 22 at 4 (citing *Barnhart v. Walton*, 535 U.S. 212, 222-23 (2002).) Magistrate Judge Stafford correctly noted that the record shows discrete periods of injury in the timeframe ALJ Blum analyzed, and did not indicate that plaintiff was unable to engage in substantial gainful activity for the time period required by the Social Security regulations.

The fact that plaintiff continued to have knee problems was at the core of the ALJ's analysis, and his factual error regarding treatment she received did not and would not affect the outcome of plaintiff's claim on remand, because the facts do not establish that plaintiff was more limited than she otherwise appeared from the record. Further, plaintiff potentially experiencing a knee dislocation at some point in the future could not establish that she lacked RFC at the point in time the ALJ was analyzing her ability to work.

As Magistrate Judge Stafford noted with respect to plaintiff's use of a cane, her doctor "did not indicate that she needed it for functioning or how often she should use it." In addition, the doctor's report did not indicate that she was injured enough to require the regular or occasional use of the cane beyond her own reported use, and her own contemporaneous account showed that she used it only on occasion. (Dkt. 20 at 11.) Plaintiff's medical records showed that she had normal gait and station months after the cane was prescribed, with no indication that she was using the cane to assist in her mobility. (Dkt. 12-7 at 97, 154, 162.) Plaintiff's argument that if she were occasionally required to use the cane, she would not be able to do sustained work

6

activities in an ordinary work setting on a regular and continuing basis is unavailing where she can point to no evidence that she required use of the cane at the time of her claim. A remand on the facts presented in this record would be unlikely to lead to a different result, because plaintiff has failed to demonstrate prejudice or a lack of substantial evidence to support the ALJ's decision.

On review of the remainder of the Report and Recommendation, the Court determines that Magistrate Judge Stafford's analysis is reasoned and supported by the record in this case. Accordingly, it is hereby ordered that:

The Report and Recommendation (Dkt. 20) is ADOPTED;

Plaintiff's motion for summary judgment (Dkt. 18) is DENIED;

Defendant's motion for summary judgment (Dkt. 19) is GRANTED; and

The findings of the Commissioner are ADOPTED and this case is hereby DISMISSED.

IT IS SO ORDERED.

Dated: September 27, 2017            s/Judith E. Levy
Ann Arbor, Michigan                  JUDITH E. LEVY
                                     United States District Judge

7

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 27, 2017.

                                        s/Shawna Burns
                                        SHAWNA BURNS
                                        Case Manager